(No. 62611.—

*In re* WILLIAM EMANUEL FOGEL, Attorney,
Respondent.

*Opinion filed May 21, 1986.*

Theresa M. Gronkiewicz, of Chicago, for the Adminis-

502

trator of the Attorney Registration and Disciplinary Commission.

William J. Harte and David J. Walker, of William J. Harte, Ltd., of Chicago, for respondent.

JUSTICE WARD delivered the opinion of the court:

The Administrator of the Attorney Registration and Disciplinary Commission charged the respondent, William Emanuel Fogel, with converting funds belonging to a client; damaging a client in the course of a professional relationship; and failing to account appropriately to the client for funds of the client. The hearing panel of the Commission found that the evidence sustained the charges of misconduct and recommended that the respondent be suspended from the practice of law for 18 months and until further order of this court. The Review Board of the Commission affirmed the Hearing Board's findings but recommended that the sanction should be suspension from practice for three months without the additional suspension. The Administrator filed exceptions to the report and recommendation of the Review Board.

The respondent, who was admitted to the bar of Illinois May 22, 1973, was retained in 1982 by Delia Velasquez, against whom a judgment in the amount of $3,442 had been entered. The respondent negotiated an agreement for satisfaction of the judgment with the creditor's attorney, under the terms of which Velasquez would make an initial payment of $1,000 and then pay $200 per month. Velasquez gave the respondent a cashier's check for $1,000 in October 1982 payable to the respondent which he deposited in his law office account. The respondent did not maintain a client's trust account or an escrow account. In November 1982 he forwarded the creditor's attorney a check in the amount of $1,000, which was returned because of insufficient funds in the

account. On December 15, 1982, the respondent sent the attorney another check for $1,000, which also was returned because of insufficient funds. In February the creditor's attorney filed a complaint with the Commission alleging that "repeated demands [to the respondent] for the payment of the funds had been to no avail." The balance in Fogel's office account at various times between November 4, 1982, and March 1983 fell below $1,000. Following the filing of his complaint the judgment creditor's attorney received a thousand dollars in cash from the respondent.

Fogel testifies that he was "surprised" upon the return of the first check and when the second check was returned he expressed "regret and shock" to the creditor's attorney. He said he was vaguely aware that there had been deficiency problems in his office account but that he did not seek to verify that the account was large enough to meet a check drawn in the amount of a thousand dollars. Fogel ascribed the incidents to preoccupation with the development of his law practice and stated that the firm with which he formerly was associated did not maintain a client's trust account. The respondent acknowledged his fault before the hearing panel and expressed remorse. He denied that he had the intention to use the commingled funds of his client for personal use and told the panel he now maintains a clients' account.

The hearing panel cited *In re Abbamonto* (1960), 19 Ill. 2d 93, commenting there was an extraordinary resemblance between the circumstances of that case and this matter. *Abbamonto* involved the attorney's personal check for a thousand dollars which was "twice returned for insufficient funds" and finally returned with the notation " 'account closed.' " (19 Ill. 2d 93, 95.) This court observed that the respondent's conduct in *Abbamonto* "constitutes a gross dereliction of duty, tending to bring the profession of law into disrepute." (19 Ill. 2d 93, 98.)

The hearing panel observed: "[W]e are committed to the ideal that the values and observations of the court in Abbamonto remain unchanged and fully pertinent to the cause before us." The hearing panel did state that it was not unmindful of the respondent's remorse and acknowledged his many civic and charitable activities and the high regard in which he was held by reputation witnesses who testified in his behalf.

The respondent, asking that the sanction be limited to censure, argues that the evidence before the hearing panel did not show any dishonest motive or any personal use of the client's funds. He contends there was no evidence that his client was prejudiced or damaged by his misconduct or that an accounting for the client was requested or necessary. Citing such decisions as *In re Clayter* (1980), 78 Ill. 2d 276, and *In re McLennon* (1982), 93 Ill. 2d 215, Fogel contends that in comparable situations this court had considered censure to be an appropriate sanction.

We do not consider that censure would be appropriate. In *Abbamonto* this court said: "[I]t is vital to the well-being of society that an attorney, who is an officer of the court and a part of our judicial system, should maintain the most scrupulous care in conducting his professional and business affairs. (*In re Clark* (1956), 8 Ill. 2d 314.) The public as well as his clients and the courts have an interest in his integrity and are entitled to require that he shun even the appearance of any fraudulent design or purpose." (*In re Abbamonto* (1960), 19 Ill. 2d 93, 98.) Misconduct of the character here continues to recur despite this court's repeated admonitions and holdings that misuse of a client's funds scandalously violates standards of the profession and brings it into disrepute.

We consider that the judgment of the Review Board recommending a lighter sanction was proper, and we adopt that board's recommendation of a suspension of

three months. Accordingly, the respondent is suspended from the practice of law for a period of three months from the date of this opinion.

*Respondent suspended.*